Per Curiam.

Considerable evidence as to the signatures of John and Mary Antoni, both oral and documentary, was introduced at the hearing before the board and subsequently introduced in the Court of Appeals by stipulation, transcript and affidavit. A careful study of this evidence leads us to the same conclusion reached by the Court of Appeals. We, therefore, approve and adopt as our own the following succinct analysis of this evidence, and the conclusions drawn therefrom, by the Court of Appeals.
“Both the electors John Antoni and Mary Antoni testified under oath before the board that they severally signed their names on exhibit No. A-2, John Antoni signing his name by his own hand on line 59 and Mary Antoni by her hand on line 60. Many samples of the signatures of both J ohn Antoni and Mary Antoni were signed in the presence of the board during the hearing and upon affidavits prepared prior to the hearing. There were also presented the signatures of both electors on a deed, a mortgage, a note and an escrow agreement and on their respective registration cards filed with the board of elections. All of the signatures on these and other instruments were by the sworn testimony of the electors said to be genuine. The only persons present when the petitions were signed were the circulator and his wife. There is no evidence that the board made any inquiry of them nor were they called to testify.
“In dealing with this question the election board was acting in a quasi-judicial capacity. Its function was to determine the validity of the petitions offered by the relator with impartiality and fairness both to the candidate and to the electors of the county. The board, in coming to its conclusion, must have completely disregarded the sworn testimony of witnesses, such testimony being uneontroverted in the record except for a comparison of handwriting (where neither of those whose signa *177 tures are challenged was requested to sign the name of the other for comparison with a genuine signature), and without expert help or at least without putting into the record the characteristics of the writing which influenced the conclusions reached. We find that there is no competent evidence in the record contradicting the sworn testimony that Mary Antoni, by her own hand, signed her name to the nominating petition. The board, therefore, committed an abuse of discretion in excluding exhibit No. A-2, and holding that the signature thereon could not be counted in considering the sufficiency of relator’s nominating petition.”
Since the first and second petition papers contain more than the required 100 valid signatures, it is unnecessary to consider the validity or invalidity of the third petition paper.
Eelator is clearly entitled to the writ of mandamus as prayed for, and the judgment of the Court of Appeals granting the writ is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.